*See Attachment*

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLYDE M. FERGUSON,
    Plaintiff                :    No. 1:CV-01-1220

vs.

                                    :    (Judge Kane)
ROBERT RAIGER, et al.,
    Defendants

FILED
HARRISBURG, PA
JUL 1 8 2001
MARY E. D'ANDREA, CL
Per _____
    Deputy Clerk

**ORDER**

**Background**

    Clyde M. Ferguson, an inmate formerly confined at the Lebanon County Prison, Lebanon, Pennsylvania[1], filed a civil rights action pursuant to 42 U.S.C. § 1983. With his complaint, plaintiff submitted an application requesting to proceed *in forma pauperis* under 28 U.S.C. § 1915. For the reasons set forth below, the instant complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[2]

CY-01-1220
PRSLC Belisario
Closing

---

1.    The plaintiff now resides at 101 S. 2nd Street, Apt. 912, Harrisburg, Pennsylvania.

2.    Section 1915(e)(2) provides that:
    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Certified from the record
Date 7-18-01
Mary E. D'Andrea, Clerk
Per _____
    Deputy Clerk

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an unquestionably meritless legal theory, or is predicated on clearly baseless factual averments. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Unquestionably meritless legal theories are those " 'in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit. . . .' " Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id. "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992). When reviewing a complaint for frivolity under § 1915(d), the court is not bound, as it is on a motion to dismiss, "to accept without question the truth of the plaintiff's allegations." Id. at 32.

The plaintiff alleges that on November 8, 1999, while housed in the Lebanon County prison, he was placed on work release. He states that "in the Lebanon County Prison on the work release unit, there exists a group of inmates that consider themselves as a 'committee'",

2

which is made up of "inmates who have been incarcerated in the prison for a long period of time and therefore, establish rules and regulations that any new inmates have to follow by". Washington claims that "these rules and regulations are their personal requirements that specify what an inmate can or cannot do in order to remain on the work release status." (Doc. No. 1).

Washington alleges that sometime after December 10, 1999, the "committee members began to confront [him] with threats of abiding by their rules, i.e. they wanted inmates to pay for cleaning the living quarters and they were not pleased with the fact that [plaintiff] worked a different shift than they worked" and they "were extorting other inmates and using drugs in the prison facility". Washington claims that "it was expressed that they had a contract with prison guards to allow them to get away with their violations of prison rules". Id.

On January 31, 2000, plaintiff "wrote a request to Captain Robert J. Karnes, explaining the situation about the committee". Washington claims that "although Captain Karnes responded that [plaintiff] be 'specific about [his] situation and circumstances", he is very well aware that to put down names of other inmates in a situation like this, would only have put [plaintiff] in further danger of [his] welfare in the work release unit". Id.

3

On March 5, 2000, plaintiff submitted an inmate request form to Warden Raiger. Washington claims that the Warden never responded, however, he did go to see the plaintiff in person and plaintiff explained his complaint. Plaintiff states that the Warden "agreed that they were at fault". Id.

On June 29, 2001, Washington filed the instant complaint in which he requests that "the court investigate this matter for negligence in the sense that Captain Karnes had a responsibility, as the person designated to maintain the security of the prison, to investigate [plaintiff's] request that [his] life was being threatened" and that "the Warden had a responsibility to, at least review the request [plaintiff] sent him regarding the complaint of negligence". Thus, he claims that "both of these defendants neglected to fulfill their responsibility as prison officials, to protect the civil rights of all inmates". Id.

**DISCUSSION**

It is well recognized that the adjudicatory power of a federal court depends upon the "continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at 459, n.10. "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief

4

if unaccompanied by continuing present adverse effects." <u>Rosenberg v. Meese</u>, 622 F. Supp. 1451, 1462 (S.D. NY 1985)(citing <u>O'Shea v. Littleton</u>, 414 U.S. 488, 495-96 (1974)).

Furthermore, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a Section 1983 action fails to present a case or controversy once the inmate has been transferred." <u>Gibbs v. Wadsworth</u>, Civil Action No. 90-1315 (3d Cir. Nov. 16, 1990); <u>Preiser v. Newkirk</u>, 422 U.S. 395 (1975); <u>see also</u>, <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); <u>see also</u>, <u>Carter v. Thompson</u>, 803 F. Supp. 1548, 1555 (M.D. Fla. 1992). The instant plaintiff is no longer confined at the Lebanon County Prison and there is no reasonable probability that he will be returned to that correctional facility in the foreseeable future. Thus, as in <u>Gibbs</u>, "there is no threat of the alleged constitutional violation recurring." <u>Gibbs</u>, slip op. at 5. Consequently, the plaintiff's complaint is moot under the standards set forth above and should be dismissed. <u>See also</u> <u>Weaver v. Wilcox</u>, 650 F. 2d. 22 (3d. Cir. 1981). (Where a prisoner files an action seeking only injunctive relief to improve conditions at a county jail, and he is later transferred to a state correctional institution and thus is no <u>longer</u> subject to these conditions, there is no longer a "case or controversy" and the prisoner lacks standing to further pursue the claim for injunctive relief.)

5

Moreover, Washington claims that the defendants violated his constitutional rights by negligently handling an investigation into matters complained of by plaintiff. A plaintiff does not set forth a viable civil rights claim when he alleges merely negligent conduct. Davidson v. Cannon, 474 U.S. 344 (1986). In Davidson, the Supreme Court noted that although a lack of due care had resulted in serious injury to a plaintiff, "that lack of care simply does not approach the sort of abusive government conduct" which would warrant recovery under § 1983. Id. at 347-48. Because negligence does not violate the Constitution, Washington's claim will be dismissed. See Daniels v. Williams, 474 U.S. 327, 330-36 (1986); Freedman v. City of Allentown, Pa., 853 F.2d 1111, 1117 (3d Cir. 1988).

Thus, under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915 is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

NOW, THEREFORE, THIS 17th DAY OF JULY, 2001, IT IS HEREBY ORDERED THAT:

1. The motion to proceed in forma pauperis (Doc. No. 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is granted.

2. The complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

6

3. The Clerk of Court shall close this case.

4. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

_____   /s/ Yvette Kane
YVETTE KANE
United States District Judge

YK:dlb

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

July 18, 2001

Re:  1:01-cv-01220     Ferguson v. Raiger

True and correct copies of the attached were mailed by the clerk to the following:

Clyde M. Ferguson
101 S. 2nd St.
Apt. 912
Harrisburg, PA  17101

```
cc:
Judge                         (✓)          (✓) Pro Se Law Clerk
Magistrate Judge              ( )          ( ) INS
U.S. Marshal                  ( )          ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 (✓)
Federal Public Defender       ( )
Summons Issued                ( )  with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )  with Petition attached & mailed certified mail
                                   to: US Atty Gen  ( )    PA Atty Gen ( )
                                       DA of County ( )    Respondents ( )

Bankruptcy Court              ( )
Other_____          ( )
```

MARY E. D'ANDREA, Clerk

DATE:  7-18-01                    BY: _____
                                       Deputy Clerk